UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois − CM/ECF NextGen 1.8 (rev. 1.8.1)
Eastern Division

Formula Sports Cars, Inc., et al.
                  Plaintiff,

v.                                              Case No.: 1:24−cv−08120
                                              Honorable Georgia N Alexakis

CDK Global LLC
                  Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, October 28, 2024:

      MINUTE entry before the Honorable Georgia N Alexakis: The Court grants the parties' joint motion to drop individual plaintiffs Ortiz and Pino, set a briefing schedule on defendant's motion to compel arbitration, and extend the page limit for briefs on the motion to compel [33]. First, the parties ask that individual plaintiffs Ortiz and Pino be dropped from this action, without prejudice, in order to permit these individual plaintiffs to seek consolidation of their claims against defendant CDK Global LLC in a consolidated action currently proceeding before District Judge Cummings. The parties represent that the consolidated action only involves claims brought by individual consumer and/or employee plaintiffs, like Ortiz and Pino, and not business−entity plaintiffs, like the remaining plaintiffs in this matter. Where dropping individual plaintiffs Ortiz and Pino would promote judicial economy, and where neither party alleges that prejudice would arise from dropping individual plaintiffs Ortiz and Pino, particularly at this early juncture in the proceedings, the Court drops individual plaintiffs Ortiz and Pino, pursuant to Federal Rule of Civil Procedure 21, without prejudice. See Rauner v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31, AFL−CIO, No. 15 C 1235, 2015 WL 2385698, at *4 (N.D. Ill. May 19, 2015) ("leave to add or drop parties under Rule 21 should be freely granted"); Morales−Placencia v. Finnigan, No. 08 C 5365, 2014 WL 12935979, at *1 (N.D. Ill. Dec. 18, 2014) ("Rule 21 gives the court discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants."). Defendant's motion to compel arbitration is due on or before 10/30/24. A response to that motion from the remaining business−entity plaintiffs is due on or before 11/20/24. Defendant's reply is due on or before 12/11/24. The motion and response are each limited to 20 pages; the reply is limited to 15 pages. If necessary, the Court will set a briefing schedule on defendant's answer to, or motion to dismiss regarding, the amended complaint following resolution of the motion to compel arbitration. No appearance is required on 10/31/24. (ca, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of

Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.